USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: JUN 18 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

RAYMOND RIZZO,

           Petitioner,

    -against-

MICHAEL CAPRA,

           Respondent.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 1185 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Petitioner Raymond Rizzo seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his August 15, 2013 conviction in New York County Supreme Court of second-degree murder, second-degree criminal possession of a weapon, second-degree assault, and three counts each of first-degree burglary, first-degree robbery, and second-degree robbery. (Pet., ECF No. 2, at 2.) Petitioner also challenges his sentence to thirty-two years to life imprisonment. (*Id.*) Petitioner's conviction and sentence were affirmed on direct appeal. (*Id.* at 3–4); *see also People v. Rizzo*, 41 N.Y.S.3d 35 (App. Div. 1st Dep't 2016), *leave to appeal denied*, 52 N.Y.S.3d 714 (Table) (N.Y. 2017). Petitioner now seeks to challenge his conviction and sentence on grounds of prosecutorial misconduct and ineffective assistance of counsel. (Pet. at 6–8.)

    Before this Court is Magistrate Judge Kevin Nathaniel Fox's February 7, 2019 Report and Recommendation (the "Report"), recommending that Petitioner's habeas corpus petition be denied.[1] (Report, ECF No. 15, at 9.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 9–

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

1

10.) Petitioner filed timely objections. (*See* Objs. to Report and Recommendation ("Objs."), ECF No. 16.)

Having reviewed Magistrate Judge Fox's Report and the objections made thereto, this Court ADOPTS the Report in full and overrules Petitioner's objections. Accordingly, the petition seeking a writ of habeas corpus is DENIED.

## I.  LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Stone v. Comm'r of Soc. Sec.*, No. 17-cv-569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation and internal quotation marks omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## B. Independent and Adequate State Ground Doctrine.

It is well established that federal habeas courts may not review a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "To be considered an independent and adequate state ground, the state law must be firmly established and regularly followed in the specific circumstances presented in the case." *Williams v. Artus*, 691 F. Supp. 2d 515, 524 (S.D.N.Y. 2010) (quoting *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003)) (internal quotation marks omitted). The independent and adequate state ground doctrine applies whether the state-law ground is "a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 562 U.S. 307, 315 (2011). A petitioner may obtain habeas corpus review of a claim barred on state law procedural grounds, however, if he can demonstrate "both good cause for and actual prejudice resulting from his noncompliance with the state's procedural rule." *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999).

## C. Ineffective Assistance of Counsel.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the basic standard for ineffective assistance of counsel claims under the Sixth Amendment. To prevail on such a claim, a petitioner must show (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that there was prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; *see also Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016). In evaluating an attorney's performance under *Strickland*, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that counsel's

3

conduct was not the result of error but derived instead from trial strategy." *Acevedo v. Capra*, 600 F. App'x 801, 802–03 (2d Cir. 2015) (quoting *Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998)) (internal quotation marks omitted). Thus, "[a]ctions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *Id.* (alteration in original) (quoting *Mason v. Scully*, 16 F.3d 38, 42 (2d Cir. 1994)).

## II. THE PETITION FOR WRIT OF HABEAS CORPUS IS DENIED

Federal courts may not grant a writ of habeas corpus as to any claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Here, Magistrate Judge Fox correctly found that neither Petitioner's prosecutorial misconduct claim nor his ineffective assistance of counsel claim warrants habeas corpus relief.

### A. Petitioner's Prosecutorial Misconduct Claim Is Procedurally Defaulted.

Petitioner argues he was denied his right to due process and a fair trial due to the prosecutor's misconduct during summation. (Mem. of Law ("Mem."), ECF No. 4, at 7–13.) Specifically, Petitioner alleges that the prosecutor, among other things, "personally attacked" Petitioner and defense counsel, "resorted to speculation," "mischaracterized the defense's theory, impugned defense counsel's integrity, and implied that the jury should disregard the defense's statements as unbelievable and absurd." (*Id.* at 5, 8, 9). On direct appeal, the Appellate Division denied Petitioner's prosecutorial misconduct claim on two alternative grounds. *Rizzo*, 41 N.Y.S.3d at 36. First, the Appellate Division found that Petitioner's challenges to the prosecutor's

4

summation were unpreserved, and it therefore "decline[d] to review them in the interest of justice." *Id.* Alternatively, it found "that the comments at issue, while better left unsaid, were generally responsive to defense arguments and fell within the broad leeway afforded prosecutors on summation and that, in any event, any improprieties were harmless in light of the overwhelming evidence of guilt." *Id.* (citations omitted).

Magistrate Judge Fox found that Petitioner's prosecutorial misconduct claim is barred from federal habeas corpus review based on the first of these two grounds: the claim had been denied as unpreserved on direct appeal pursuant to New York's contemporaneous objection rule, which is an independent and adequate state rule. (Report at 8 (citing *Garcia*, 188 F.3d at 79)). Magistrate Judge Fox further found that Petitioner could not establish cause or actual prejudice arising from this procedural default because defense counsel's failure to object to the prosecutor's remarks did not amount to a deprivation of Petitioner's constitutional right to counsel. (Report at 8–9); *see also Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("[A]ttorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel.") (citation omitted).

Petitioner does not challenge Magistrate Judge Fox's finding that his prosecutorial misconduct claim was procedurally defaulted. Rather, Petitioner objects to the finding that he has not shown cause to overcome the default, arguing that his counsel's failure to object to the prosecutor's comments constituted ineffective assistance of counsel. (*See* Objs. ¶¶ 3, 6.) Petitioner also argues that "he has clearly established that he was prejudiced by counsel's failure to object to all nine highly prejudicial and improper comments made by the prosecutor . . . based upon the fact that there has been no state court adjudication of said issue on the merits." (Objs. ¶ 7.)

5

Petitioner's argument is without merit. For reasons explained *infra*, Petitioner's ineffective assistance of counsel claim fails, and therefore cannot provide cause to overcome his default. Moreover, even assuming, *arguendo*, that defense counsel's performance were constitutionally ineffective, Petitioner would still be unable to overcome his procedural default because he has not shown actual prejudice. As noted above, the Appellate Division found, as an alternative holding, that the prosecutor's comments during summation did not prejudice Petitioner because "any improprieties were harmless in light of the overwhelming evidence of guilt." *Rizzo*, 41 N.Y.S.3d at 36. Because Petitioner has failed to show either cause or actual prejudice, Petitioner cannot overcome his procedural default, and his prosecutorial misconduct claim is not subject to habeas corpus review.

## B. Petitioner's Ineffective Assistance of Counsel Claim Was Already Adjudicated on the Merits.

Petitioner argues that his counsel was constitutionally ineffective for failing to object to the prosecutor's misconduct during summation. (Mem. at 14–19.) On direct appeal, the Appellate Division "considered and rejected [Petitioner's] ineffective assistance of counsel claim relating to the lack of objection." *Rizzo*, 41 N.Y.S.3d at 36 (citations omitted).

Magistrate Judge Fox correctly found that the Appellate Division's decision was an adjudication on the merits of Petitioner's ineffective assistance of counsel claim. (Report at 8.) Petitioner's contention that there was "no state court adjudication . . . on the merits," (Objs. ¶ 7), is unavailing. The Second Circuit has found that the Appellate Division's statement that it has "considered and rejected [petitioner's] . . . claims" constitutes an adjudication on the merits, and Petitioner cites no authority to the contrary. *Francolino v. Kuhlman*, 365 F.3d 137, 141 (2d Cir. 2004) (citation and internal quotation marks omitted); *see also Perez v. Greiner*, No. 00 Civ. 5504 (RCC) (KNF), 2005 WL 613183, at *5 (S.D.N.Y. Mar. 14, 2005) ("Although the Appellate

6

Division disposed of [petitioner's] claim by stating only that it had 'considered and rejected [petitioner's] remaining claims,' its simple disposition is sufficient to constitute having adjudicated [petitioner's] claim on the merits." (quoting *People v. Perez*, 687 N.Y.S. 84, 85 (App. Div. 1st Dep't 1999)).

Magistrate Judge Fox also properly found that Petitioner's claim does not warrant habeas corpus relief because the adjudication of Petitioner's claim on the merits was "neither contrary to nor involved an unreasonable application of clearly established [F]ederal law." (Report at 9.) Petitioner objects to this finding, arguing that "had defense counsel provided effective assistance of counsel[,] he would have objected to all nine of the highly prejudicial and improper comments made by the prosecutor during his summation." (Objs. ¶ 9.) Because Petitioner made substantially the same argument to Magistrate Judge Fox, (*see* Mem. at 16 (arguing that Petitioner's counsel's "[f]ail[ure] to object during a clearly prejudicial summation constitutes ineffective assistance of counsel")), this portion of the Report need only be reviewed for clear error, *Stone*, 2018 WL 1581993, at *3. But even on *de novo* review, Petitioner's argument fails. Under the "clearly established Federal law" governing ineffective assistance of counsel claims—that is, the standard articulated in *Strickland*—Petitioner has failed to overcome the "strong presumption" that his counsel's failure to object during summation "derived . . . from trial strategy." *Acevedo*, 600 F. App'x at 802–03. Indeed, "decisions such as when to object and on what grounds are primarily matters of trial strategy and tactics, and thus are virtually unchallengeable absent exceptional grounds for doing so." *Broxmeyer v. United States*, 661 F. App'x 744, 748 (2d Cir. 2016) (quoting *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) and declining to find that "counsel's failure to object during summation constitutes ineffective assistance of counsel").

7

Nor has Petitioner shown prejudice. As explained above, the Appellate Division found that the prosecutor's comments "fell within the broad leeway afforded prosecutors on summation" and "any improprieties were harmless in light of the overwhelming evidence of guilt." *Rizzo*, 41 N.Y.S.3d at 36; *see also Broxmeyer*, 661 F. App'x at 748 ("[A]bsent any prejudicial error in the Government's summation, the failure . . . to raise an otherwise futile objection could not have rendered counsel ineffective.") (quoting *Cohen*, 427 F.3d at 170).

Because Petitioner has not shown that his counsel's performance was objectively unreasonable or caused him prejudice, the Appellate Division's rejection of Petitioner's ineffective assistance of counsel claim was not "contrary to" or "an unreasonable application of" *Strickland*.[2] 28 U.S.C. § 2254(d)(2). Thus, his claim of ineffective assistance of counsel does not provide grounds for habeas corpus relief. *See id.*

### III. CONCLUSION

Petitioner's objections are OVERRULED, and Magistrate Judge Fox's Report is ADOPTED. The Petition, (ECF No. 2), is DISMISSED.

Since Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998). Moreover, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Accordingly, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] Petitioner does not argue that the Appellate Division's adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2).

The Clerk of Court is directed to mail a copy of this memorandum decision and order to Petitioner.

Dated: New York, New York
June 18, 2019

SO ORDERED.

GEORGE B. DANIELS
United States District Judge